*26 Opinion of the Court.
The court being now sufficiently advised of and concerning the premises, and having inspected the record and proceedings herein, delivered in the following opinion, to wit: The first error assigned and relied on, is, *27 that the inferior court had no jurisdiction of the cause, it not appearing that either of the garnishees had any effects of the other defendants in their hands, which was necessary to be shown to give the court jurisdiction. In giving an opinion in this case, the court think it unnecessary to go into an examination of the general doctrine of the jurisdiction of courts of chancery, which has been so ably discussed at the bar, as we are of opinion, that after an answer is filed in a case like the present, and no objection made to the jurisdiction, it is too late to make it. This is not like a case where the subject-matter is not properly cognizable in a court of equity. Here, the matter in dispute was properly enquirable into by a court of chancery, and the defendants, by answering and putting their cause upon its merits, have waived all exceptions to the jurisdiction of the court.
Note.—The Reporter has heard this case referred to as establishing the doctrine generally, that under our chancery attachment acts, a suit could be maintained against non-residents who had never been served with process, and had no property in the state.
Upon the second error assigned, this court is of opinion, that the inferior court did not err in permitting the depositions to be read; because, considering the particular circumstances of the case, and that one of the defendants resided at the very place where the depositions were to be taken, the notice must be deemed reasonable, which is all the law requires.
Upon the merits, the court think the decree not erroneous, the complainant in the court below having recovered no more than in conscience he is entitled to.
Decree affirmed.